**Alexandria**

MANASSAS ICE AND FUEL COMPANY

and

FEDERATED MUTUAL INSURANCE COMPANY

v.

ROBERT LEE FARRAR,

No. 1924-90-4

Decided October 8, 1991

228

COUNSEL

Elaina Lell (Lewis, Trichilo & Bancroft, P.C., on briefs), for appellants.

John K. Coleman (Slenker, Brandt, Jennings & Johnston, on brief), for appellee.

OPINION

**BAKER, J.**—Manassas Ice and Fuel Company and Federated Mutual Insurance Company (jointly referred to as employer) appeal from a decision of the Virginia Workers' Compensation Commission (commission)* which approved the finding of the deputy commissioner (deputy) that Robert Lee Farrar (claimant) was totally disabled by an industrial accident which occurred on September 6, 1989. Employer argues: (1) the commission erred when it held that claimant had sustained both a new industrial accident and a change in condition; (2) claimant failed to establish by a preponderance of the evidence that he had sustained a new injury by accident; (3) claimant failed to establish by a preponderance of the evidence that he had sustained a material aggravation of a preexisting injury; and (4) the mere possibility of a causative link between claimant's injury and his employment was not sufficient

---

\* Formerly the Industrial Commission of Virginia. Effective October 1, 1991, Title 65.1 was recodified as Title 65.2. All references in this opinion are to Title 65.1, in effect at the time the Commission's decision was rendered in this case.

to produce a compensable claim.

■ Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court. Code § 65.1-98; *McCaskey v. Patrick Henry Hospital*, 225 Va. 413, 415, 304 S.E.2d 1, 2 (1983). The fact that contrary evidence may be found in the record is of no consequence if credible evidence supports the commission's finding. *Russell Loungewear v. Gray*, 2 Va. App. 90, 95, 341 S.E.2d 824, 826 (1986). We must view the evidence in a light most favorable to claimant as the prevailing party before the commission. *Crisp v. Brown's Tysons Corner Dodge, Inc.*, 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986).

On November 10, 1988, claimant sustained a work-related injury for which an award was entered for temporary total incapacity. Initially, his injury was diagnosed as a lumbar sacral muscle strain. On November 21, 1988, he returned to work. For the following ten months he worked and engaged in strenuous athletic activities, yet he continued to experience some stiffness in his back and walked in an unnatural manner.

On September 6, 1989, in the course of cleaning his workplace, claimant experienced severe back pain upon rising up from having handled a one hundred pound drum of chlorine. The pain was felt simultaneously upon raising from the bent over position he assumed in order to move the drum.

Using a form provided by the commission, on October 26, 1989, claimant filed an application for hearing. In summary, the application states that claimant is an employee of Manassas Ice and Fuel Company; that in early September 1989, while at work, he suffered a back injury for which he sought workers' compensation benefits; and that his claim was based *"alternatively"* either on "a new injury *or* a change in condition on claim 138-17-95 (the prior injury which occurred on November 10, 1988)"(emphasis added).

When claimant was injured in November 1988, he was treated by Dr. Edmundo Morales. Following his September 6, 1989 injury, claimant returned to Dr. Morales who referred him to Dr. Robert F. Lehman, an orthopedist. Dr. Lehman first saw claimant on September 18, 1989. He diagnosed right sciatic syndrome and probable herniated nucleus pulposus at L4-L5 or L5-S1. He or-

dered a CAT scan which confirmed his initial diagnosis. He also observed that claimant had "right calf atrophy." Dr. Lehman's CLINICAL IMPRESSIONS notes contain the following:

It appears that the patient did have two back injuries, both occurring at the same place of employment, and the likelihood of a single injury producing two disc herniations is remote, and while it is impossible to attribute which disc herniation occurred at which time, it is certain that with the calf atrophy measured in September that *some residual effect of the November 1988 injury remained as the atrophy would not have developed that rapidly from the September 1989 injury.* In any event, the patient had *two significant back injuries, both work-related and both requiring medical treatment* with the recommendation made for a lumbar laminectomy and disc removal at the L4-L5 and the L5-S1 levels (emphasis added).

In his deposition, Dr. Lehman further opined that in early September 1989, claimant suffered a reinjury to his lumbar spine when moving a can or a barrel of chlorine.

## I.

The first issue framed by employer implies that the commission made two awards, one for a change of condition subsequent to a prior award and the other for a new industrial accidental injury.[1] We do not interpret the commission's decision to award compensation for any injury other than for the disability resulting from the September 6, 1989 accident.

After reviewing the depositions and the medical records contained in the file, the deputy concluded:

We further find on the basis of Dr. Lehman's uncontradicted medical opinion that the claimant was totally disabled from work from September 18, 1989 onward, and that the disability resulted from the injury sustained in the Septem-

---

[1] This assertion may be the result of the deputy's erroneous introductory statement in her opinion when she stated the application was based on change of condition "and/or" a new injury. In fact, the basis for the claim was pleaded in the alternative, not conjunctive.

ber 6, 1989 industrial accident, which aggravated the claimant's pre-existing back condition.

The deputy's decision concluded by making the following award:

An award is entered in behalf of Robert Lee Farrar against Manassas Ice & Fuel Company as follows:

$275.69 per week, during incapacity, payable weekly, beginning September 18, 1989.

Medical benefits are awarded for as long as necessary.

In part, relevant to this issue, the commission's opinion concludes:

We also find that the claimant's moving of the can of chlorine weighing approximately one-hundred pounds and feeling pain as he released it while arising is a sufficient incident at a particular time and place to support an accident.

We agree with the finding of the Deputy Commissioner that the claimant has sustained an exacerbation of his prior injury in November 1988 by a second industrial accident occurring on September 6, 1989. We find the medical evidence supports the periods of disability involved.

\* \* \*

For the reasons as set forth, we AFFIRM the Opinion and award of the Deputy Commissioner of June 22, 1990. Interest shall be paid on the award pursuant to §65.1-98.1 of the Code of Virginia.

\* \* \*

This case is hereby removed from the Review Docket.

■ Code § 65.1-8 is the foundation for an application based on a change in condition. It is distinct from and does not require a new industrial injury to support compensation for a change of condition.[2] But if a new injury exacerbates a previous condition, the

---

[2] In a back injury case, a claim may be reopened and modified upon proof that after the original award has been entered a disk herniation is discovered which is related to the original injury. *See* 3 A. Larson, *The Law of Workmen's Compensation* § 81.31(a)(1989);

resulting accelerated disability is compensable. *See Ohio Valley Constr. Co. v. Jackson*, 230 Va. 56, 58, 334 S.E.2d 554, 555 (1985). Here, the award did not provide that it was made upon a change of condition. We interpret the commission's decision to hold that claimant sustained a new traumatic injury which caused a disk to become herniated and, in addition, that the new injury exacerbated claimant's preexisting condition. The commission selected claimant's alternative request for an award based on a new injury, and credible evidence in the record supports its decision. Accordingly, we find that the commission did not erroneously make an award for both a change of condition provided for by Code § 65.1-8 and a new injury.

## II.

Employer further asserts that claimant failed to prove by a preponderance of the evidence that he sustained a new injury which occurred in the course and arising out of his employment. In support of that argument, employer cites *Plumb Rite Plumbing Service v. Barbour*, 8 Va. App. 482, 382 S.E.2d 305 (1989), and *County of Chesterfield v. Johnson*, 237 Va. 180, 376 S.E.2d 73 (1989).

In *Richard E. Brown, Inc. v. Caporaletti*, 12 Va. App. 242, 402 S.E.2d 709 (1991), Caporaletti was installing a 100 pound furnace in the basement of a commercial building when he injured himself. Caporaletti lowered the furnace to its side and then leaned over it for approximately four to five minutes, cutting and fitting the furnace into place. He then attempted to stand up but was unable to do so. We held that these facts met the requirements of the identifiable incident test required by *Morris v. Morris*, 238 Va. 578, 385 S.E.2d 858 (1989), and numerous other Virginia cases. The facts in *Caporaletti* are more like those in the case before us than are those in *Barbour* and *Johnson*.

The concern of the Virginia Supreme Court has always been that the term "injury by accident" not be extended to cases in which the injury is gradually incurred or incurred at an unknown time. *Morris*, 238 Va. at 584-85, 385 S.E.2d at 862. The reasons for the established rule are (1) if the time of the causative

*Pascucci v. Industrial Comm'n*, 126 Ariz. 442, 616 P.2d 902 (1980); *Board of Trustees of the Univ. of Illinois v. Industrial Comm'n*, 71 Ill. 2d 287, 375 N.E.2d 107 (1978).

event cannot be fixed, the employer will be unable to investigate the claim and defend it, and (2) allowing compensation for conditions gradually received would impose upon the employee's last employer the burden of pensioning every workman worn out or invalided by unhealthful exposure on the part of former employers. *Id.* at 586, 385 S.E.2d at 863. Neither concern is applicable here. The testimony and medical records of Dr. Lehman disclose that on September 6, 1989, as claimant handled the one hundred pound drum of chlorine, he sustained an injury which caused a herniated disk and aggravated his preexisting condition. Dr. Lehman's evidence was credible, accepted by the commission and we are bound thereby.

We find no error in the commission's conclusion that claimant established by a preponderance of the evidence that he sustained a new injury by accident on September 6, 1989.

## III.

Employer next asserts that claimant failed to prove by a preponderance of the evidence that on September 6, 1989 he sustained a material aggravation of a preexisting injury. The medical evidence of Dr. Lehman was uncontradicted concerning claimant's prior injury and condition. Dr. Lehman observed atrophy in claimant's right calf and that a CAT scan disclosed two herniated disks. Given the history of the lumbar sacral injury in November 1988, in Dr. Lehman's opinion, the herniated disks were the result of "two clear cut" injuries. One, he opined, was the result of the November 1988 injury, the other the September 1989 injury. In support of his opinion that one occurred in November 1988, he cited his observation of the right calf atrophy measured during his September 1989 examination of claimant. He testified that this atrophy probably took a long time to develop and could not be attributed to the 1989 injury. Moreover, Dr. Lehman stated that if a CAT scan had been taken in November 1988, it probably would have shown that one of the two disk injuries had occurred as a result of the November 1988 accident. In any event, Dr. Lehman's testimony and records present credible evidence to support his opinion that claimant had been suffering from an injury caused by the November 1988 accident, and that the other disk rupture resulted from the injury which occurred on September 6, 1989 that aggravated the preexisting condition. No contradictory medical opinion is contained in the record and Dr. Lehman has

supported his opinions with credible reasoning.

Accordingly, we find that claimant has proved by a preponderance of credible evidence that he sustained a material aggravation of a preexisting back condition.

## IV.

Finally, employer argues that, at most, the evidence establishes only "a mere possibility of a causative link between claimant's injury and his employment." That, employer asserts, is not sufficient to produce a compensable claim. In Dr. Lehman's opinion, claimant "had two significant back injuries, both work-related and both requiring medical treatment." He produced CAT scan results demonstrating the injuries, backed by personal observation, such as the calf atrophy, to support his opinions. Employer's characterization of Dr. Lehman's opinions as "conjecture" or "mere speculation" does not establish the characterization as fact. Neither does the earlier confusion in the doctor's reports concerning the dates on which the injuries were incurred. All these were corrected and firmly established by subsequent evidence. There is evidence presented through Dr. Lehman's testimony and records which, if believed by the fact finder, is credible and supports the commission's opinion.

In summary, the commission thoroughly reviewed the evidence and found favorably for claimant. It has interpreted Dr. Lehman's testimony and records to support claimant's assertion that he suffered a new injury on September 6, 1989. Sufficient credible evidence in the record supports the commission's finding and the award made. Accordingly, for the reasons stated, the decision of the commission is affirmed.

*Affirmed.*

Koontz, C.J., and Duff, J., concurred.