COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Annunziata and Overton
Argued at Alexandria, Virginia


STAFFORD COUNTY AND VIRGINIA MUNICIPAL
 GROUP SELF INSURANCE ASSOCIATION

v.        Record No. 0830-95-4        MEMORANDUM OPINION[*] BY
                                    JUDGE NELSON T. OVERTON
PEGGY LEE SMITH                          MARCH 12, 1996


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Ralph L. Whitt, Jr. (Jennifer G. Marwitz;
            Sands, Anderson, Marks & Miller, on briefs),
            for appellants.

            Robert B. Adams (Ashcraft & Gerel, on brief),
            for appellee.


     Stafford County, employer, and Virginia Municipal Group Self

Insurance Association, insurer, appeal from the commission's

award of benefits to Peggy Smith, a former employee.  The

appellants contend that (1) Smith's psychological problems were

not causally related to her work-related injury, (2) Smith was

terminated for cause such that she is barred from future

compensation, and (3) Smith has not cured her unjustified refusal

of selective employment.  We find that credible evidence supports

the decision of the commission, and we affirm the award.

     Smith sustained a work-related injury to her neck while

employed as an emergency medical technician.  Two months later

she "had a break-down of sorts" at work which resulted in her

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

detention at a psychiatric hospital.  She was later fired from her job for behavior leading up to the break-down.

Smith filed a Change in Condition Application with the commission, alleging that her psychological problems were caused by her work-related physical injury.  The commission awarded benefits based on the unequivocal, uncontradicted opinion of the treating psychiatrist.  Her employer appeals.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "[I]t is fundamental that a finding of fact made by the Commission is conclusive and binding upon this court on review.  A question raised by conflicting medical opinion is a question of fact." Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986).  "The fact that contrary evidence may be found in the record is of no consequence if credible evidence supports the commission's finding."  Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 825 (1991).

The treating psychiatrist at the hospital expressed his expert opinion in his Final Summary that Smith's problems were related to her accident.  He reaffirmed this opinion in subsequent letters sent to Stafford County Personnel Office.  He further reiterated his position in his deposition.  The doctor's opinion was cogent, well-reasoned, and uncontradicted by any other medical opinion.  On this evidence the commission found

that Smith's earlier injury caused her later problems.

The employer also argues that Smith's behavior was so willful as to bar her from future compensation. In light of the commission's factual finding that Smith was in a severe depression brought on by her work-related injury, we do not agree. The treating physician's records demonstrate that Smith's mood and attitude prior to her arrival at the psychiatric hospital were symptoms of her depression. The commission concluded that Smith's actions were the product of these resultant symptoms and therefore were not willful or intentional. As credible evidence supports this finding, we do not disturb it.

We further disagree that Smith failed to cure her unjustified refusal of selective employment. The employer's sole complaint on this issue is that Smith's new position pays substantially less than her former position. The employer does not allege that Smith's new position is inappropriate to her career, nor does the employer question the sincerity or quality of Smith's efforts to find a position within her residual capacity. "Whether an employee has made a reasonable effort to market his remaining work capacity is determined by an objective standard of reasonableness and depends on the particular circumstances of each situation." Virginia Wayside Furn. v. Burnette, 17 Va. App. 74, 79, 435 S.E.2d 156, 160 (1993); National Linen Serv. v. McGuinn, 8 Va. App. 267, 270-72, 380

S.E.2d 31, 33-34 (1989). Although Smith's new wage is less than her former wage, the employer introduced no evidence that this wage was abnormally low for a position in Smith's career field.

The medical evidence before the commission supports the finding of causation between Smith's work-related physical injury and her later psychological problems. The record further supports the commission's decision on both the termination and cure issues.

<u>Affirmed.</u>

ANNUNZIATA, R., dissenting.

I dissent from the majority opinion with respect to the issue of whether the claimant's termination for cause bars her from an award of temporary partial benefits.

While the evidence supports the majority's conclusion that the commission did not err in determining that the claimant's depression was related to and caused by her earlier work-related physical injury to her neck, nothing in the record establishes that the claimant's conduct which resulted in her termination was caused by her depression. Specifically, the record fails to show that claimant's insubordinate, threatening, and abusive conduct in response to her employer's questions about a suspected violation of her probationary status was the result of her depression.

Five months before the claimant's termination, she was put on probation for a six-month period for insubordination, creating a hostile, abusive, and threatening work environment, creating dissension among the employees, and invading another employee's privacy by reading his mail. Approximately one month later, claimant suffered her job-related neck injury which she claimed, and which the commission agreed, caused her subsequent depression. The claimant was terminated for behavior of the same nature as that which resulted in her probation, including her violation of another employee's privacy by reading the employee's mail. Given this evidence and the absence of any evidence

- 5 -

whatsoever, medical or otherwise, to connect claimant's depression to the misconduct leading to her termination, the commission could only speculate that her behavior was caused by her depression and therefore was not willful. Accordingly, I would reverse the commission's decision that claimant's discharge constitutes an "unjustified refusal of light duty employment." Cf. Eppling v. Schultz Dining Programs, 18 Va. App. 125, 129-30, 422 S.E.2d 219, 221-22 (1994).

Moreover, in my opinion, even assuming (1) claimant's discharge can be properly treated as an "unjustified refusal of light duty employment"; and (2) claimant properly "cured" her unjustified refusal, the commission's award of temporary partial benefits based upon her current earnings should be reversed. Under Code § 65.2-502, compensation for partial incapacity is calculated according to the "difference between [the employee's] average weekly wages before the injury and the average weekly wages which he is able to earn thereafter." In the case of an employee who has cured an unjustified refusal, the wage earned at the employment unjustifiably refused is clearly a wage that employee is "able to earn." Therefore, the award should not have been based on her earnings at her current job but rather on the wage she earned at her selective employment.[1]

---

[1] I note that the commission's decision, on this point, starkly contradicts its other recent decisions under similar facts. See Ketron v. Reese Tile & Floor Covering, Inc., V.W.C. File No. 158-67-80 (February 27, 1995); Waters v. Colonial Block of Norfolk, Inc., V.W.C. File No. 128-00-86 (December 30, 1994).

> To hold otherwise would allow an employee at
> any time to abandon selective employment
> being tendered by the employer for a position
> of his own choosing which would require the
> employer to be responsible for increased
> partial compensation which it would not have
> to pay had the employe[e] accepted the work
> available to him from the employer. . . . [In
> such a case] the employee's loss of earnings
> is not . . . due to his injury but is due to
> his unjustifiably abandoning the selective
> employment.

Lawhorne v. H.F. Interiors, Inc., 68 O.I.C. 176, 178 (1989); see also Burnette, 17 Va. App. at 79, 435 S.E.2d at 160.[2]

Accordingly, I would reverse.

---

[2] I note that Code § 65.2-510(B), as amended in 1995, would direct the same result reached in this dissent.