COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Coleman and Bray
Argued at Norfolk, Virginia


ELCO CONCRETE CO., INC.
and
VALLEY FORGE INSURANCE COMPANY      MEMORANDUM OPINION[*] BY
                                    CHIEF JUDGE NORMAN K. MOON
v.   Record No. 0047-96-1                JUNE 25, 1996

DAVID TRACY


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION
            Roya Palmer (Law Offices of Richard A.
            Hobson, on brief), for appellants.

            Gregory E. Camden (Rutter & Montagna, on
            brief), for appellee.



      Elco Concrete Co. Inc., and Valley Forge Insurance Company

appeal from the decision by the Workers' Compensation Commission

awarding benefits to David Tracy.  The employer claims that the

commission erred in finding that Tracy's injury was not caused by

his intoxication.  We affirm the commission's decision.

      At the time of the accident, Tracy was working on the third

floor of an unfinished building.  The frame and floor of the

building were in place, but the walls had not yet been

constructed.  Two steel safety cables were ordinarily strung

between the metal frames to keep employees from falling off the

building.  However, the bottom cable was not attached at the time

of Tracy's accident.  There was construction debris on the floor

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

where Tracy was working.

At approximately 2:00 p.m. on January 24, 1995, Tracy was assisting in moving a piece of scaffold. The scaffold became caught on a piece of "rebar," and Tracy bent over with his hammer to knock the scaffold loose. His foot came out from under him, and he fell. He thought he tripped on something but he did not see what it was. Tracy grabbed for the safety cable but when he saw that it was not attached, let it go. He fell three stories, sustaining a compound compression fracture of one of his vertebrae.

Tracy drank a quart of beer at noon on the day of the accident, and consumed four quarts of beer the night before. His behavior was aggressive on the morning of the accident, and he was involved in two altercations at the work site. His supervisor, who worked with him for two or three minutes moving the scaffold, testified that he had no reason to believe that Tracy was intoxicated. Tests performed at the emergency room showed a blood alcohol level of .2%, which creates a presumption of intoxication under Code § 65.2-306(B). A pharmacologist who reviewed the medical records reported that an individual with a blood alcohol level of .2% would exhibit impairment in reaction time, depth perception, peripheral vision, stability, balance, and judgment.

Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on

this Court.  The fact that contrary evidence is in the record is of no consequence if credible evidence supports the commission's finding.  Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991); Code § 65.2-706.  We must view the evidence in the light most favorable to the claimant, the prevailing party below.  Id.

The evidence showed that Tracy was intoxicated.  The burden was on the employer to show that intoxication was a proximate cause of the injury.  Wyle v. Professional Services Industries, 12 Va. App. 684, 688-89, 406 S.E.2d 410, 412-13 (1991).  The commission determined that although Tracy was intoxicated, a preponderance of the evidence did not show that his intoxication contributed to the accident.  It found that the accident was caused by the debris and the absence of the safety cable, and dismissed as "speculative" any inference that intoxication caused Tracy's injury.  The commission's determination on questions of fact are binding on this Court under Code § 65.2-706.  We therefore affirm the award.

Affirmed.