COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman, Elder and Senior Judge Cole
Argued at Salem, Virginia


CITY OF ROANOKE

v.          Record No. 1218-97-3

JOHNNY G. GUILLIAMS

MEMORANDUM OPINION[*] BY
JUDGE LARRY G. ELDER
DECEMBER 23, 1997

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> Steven J. Talevi, Assistant City Attorney
> (Wilburn C. Dibling, Jr., City Attorney, on
> briefs), for appellant.

> Mary L. Poletti (Brumberg, Mackey & Wall, on
> brief), for appellee.


The City of Roanoke (appellant) appeals a decision of the
Workers' Compensation Commission (commission) awarding permanent
partial disability benefits under Code § 65.2-503(B)(16) to
Johnny G. Guilliams (claimant). Appellant contends that the
commission violated its right to due process when it awarded
benefits to claimant without holding an evidentiary hearing.
Appellant also contends that the commission erred when it (1)
found that a surgical scar on claimant's chest had reached
maximum medical improvement and (2) concluded that this scar was
a "severely marked disfigurement" under Code § 65.2-503(B)(16).
For the reasons that follow, we reverse.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## I.

## EVIDENTIARY HEARING

We hold that the commission did not violate appellant's due process rights when it awarded claimant permanent partial disability benefits without holding an evidentiary hearing.

"'[D]ue process is flexible and calls for such procedural protections as the particular situation demands.' [T]he fundamental requisite of due process of law is the opportunity to be heard.'" Duncan v. ABF Freight System, Inc., 20 Va. App. 418, 422-23, 457 S.E.2d 424, 426 (1995) (citations omitted).

The commission's rules provide for procedures to dispose of cases "on the record" and without holding an evidentiary hearing. Rule 2 states that contested issues not resolved through prehearing dispute resolution procedures "will be referred for decision on the record or evidentiary hearing." Under Rule 2.1, contested issues will be decided "on the record" and without additional presentation of evidence if "it appears that there is no material fact in dispute as to any contested issue." When the commission determines that a decision on the record is appropriate in a particular case, "the parties are given twenty days to submit written statements and evidence." Rules of the Workers' Compensation Commission 2.1(A). If a party is dissatisfied with a decision on the record, "[r]equest for review . . . shall proceed under [Code § 65.2-705] and Rule 3." Rules of the Workers' Compensation Commission 2.1(B).

The commission's rules contain mechanisms by which a party may seek to introduce additional evidence following a decision on the record. Generally, "[n]o new evidence may be introduced by a party at the time of review . . . ." Rules of the Workers' Compensation Commission 3.3. However, a party that wishes to introduce new evidence following a request for review of an initial decision has two options it may pursue. It may (1) seek the opposing party's agreement to the introduction of new evidence or (2) petition the commission to reopen the record to receive after-discovered evidence. See Rules of the Workers' Compensation Commission 3.3.

The commission's decision to award benefits to claimant "on the record" was not a violation of appellant's due process rights. Pursuant to the commission's rules, appellant had opportunities to attempt to introduce evidence regarding claimant's scar prior to the full commission's award. The record established that appellant failed to act on these opportunities.

Prior to the decision by the claims examiner, appellant did not request either discovery or an evidentiary hearing, file a written statement of the evidence supporting its defense, or otherwise attempt to introduce evidence. After claimant requested the full commission to review the claims examiner's decision, the record does not indicate that appellant sought to introduce additional evidence through either negotiating with claimant or filing a petition to reopen the record to receive

3

after-discovered evidence. Appellant did not file a written statement supporting its position and never argued below that any material fact was in dispute. In light of appellant's failure to utilize the commission's procedural rules to introduce evidence, we cannot say that the commission's disposition of this case without an evidentiary hearing denied appellant due process of law.

## II.

### PERMANENT PARTIAL DISABILITY BENEFITS

Appellant next contends that the evidence was insufficient to support the commission's conclusion that claimant was entitled to permanent partial disability benefits under Code § 65.2-503(B)(16). Because the record is devoid of medical evidence regarding the likelihood that the appearance of appellant's scar will remain unchanged, we agree.

Code § 65.2-503 provides benefits to indemnify injured employees for permanent loss and disfigurement that is either partial or total. See Tumlin v. Goodyear Tire & Rubber Co., 18 Va. App. 375, 380-81, 444 S.E.2d 22, 24-25 (1994). In order to establish entitlement to benefits under Code § 65.2-503, a claimant bears the burden of proving (1) that he or she has suffered one of the losses enumerated in the statute and (2) that the "incapacity is permanent and that the injury has reached maximum medical improvement." County of Spotsylvania v. Hart, 218 Va. 565, 568, 238 S.E.2d 813, 815 (1977). The losses covered

4

by Code § 65.2-503 include "[s]everely marked disfigurement of the body resulting from an injury not otherwise compensated by this section." Code § 65.2-503(B)(16). The commission has previously held that scarring that results from a compensable injury may qualify as a "severely marked disfigurement" under Code § 65.2-503(B)(16). See Price v. Davis H. Elliot Co., Inc., VWC File No. 137-65-65 (April 9, 1997), aff'd, Record No. 1009-97-3 (Va. Ct. App. Sept. 2, 1997); Cogswell v. Interstate Van Lines, Inc., VWC File No. 167-67-98 (Nov. 27, 1995); Brown v. City of Roanoke Fire Dept., VWC File No. 158-08-04 (March 7, 1995); Estu v. Restaurant Equipment, Inc., VWC File No. 153-64-53 (Aug. 10, 1993); Martin v. Federal Reserve Bank of Richmond, 67 VWC 149 (1988).

The decisions of the commission as to questions of fact are conclusive and binding upon this Court if supported by credible evidence. Code § 65.2-706; see Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991). On appeal, we must view the evidence in the light most favorable to the prevailing party below, and "[t]he fact that contrary evidence may be found in the record is of no consequence if credible evidence supports the commission's finding." Farrar, 13 Va. App. at 229, 409 S.E.2d at 826 (citations omitted).

We hold that the evidence was insufficient to support the commission's finding that "[claimant's] scar should have reached its maximum improvement" six months after his bypass surgery.

5

Claimant offered no medical evidence establishing that his scar had reached maximum medical improvement. Even when viewing the evidence in the light most favorable to claimant, neither the photograph of claimant's scar nor the operative report prepared by his surgeon indicate whether the current thickness, color, and length of claimant's scar are unlikely to change or whether the scar's appearance is likely to improve through continued healing in the future. Because the evidence offered by claimant failed to prove that his scar had reached maximum medical improvement, the commission erred when it awarded him permanent partial disability benefits under Code § 65.2-503(B)(16). Cf. Hart, 218 Va. at 569-70, 238 S.E.2d at 816 (reversing award of permanent partial disability benefits because credible evidence failed to support finding that claimant's arm injury had reached maximum medical improvement). Because we reverse on this issue, we do not address whether the scar is a "severely marked disfigurement."

For the foregoing reasons, we reverse the commission's award.

Reversed.