COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Coleman and Frank
Argued at Salem, Virginia


MARTINSVILLE CITY SCHOOL BOARD
 AND VIRGINIA MUNICIPAL GROUP
 SELF-INSURANCE ASSOCIATION
                                  MEMORANDUM OPINION[*] BY
v.   Record No. 2291-99-3    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       MAY 2, 2000
TIMOTHY ALLAN MYERS


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

         Frank K. Friedman (John P. Grove; Charles V.
         Mehler, III; Woods, Rogers & Hazlegrove,
         P.L.C., on brief), for appellants.

         Timothy Allan Myers, pro se.


     Martinsville City School Board ("employer") contends the

Workers' Compensation Commission ("commission") erred in

refusing to order a change in Timothy Allan Myers' ("claimant")

treating physician.  Finding no error, we affirm the

commission's decision.

     "On appeal, we view the evidence in the light most

favorable to the claimant, who prevailed before the commission."

Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 672, 508 S.E.2d

335, 340 (1998) (citations omitted).  "Decisions of the

commission as to questions of fact, if supported by credible

     [*] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

evidence, are conclusive and binding on this Court."  Manassas

Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824,

826 (1991).

Viewed in the light most favorable to claimant, who

prevailed before the commission, credible evidence supports the

commission's finding that employer failed to offer sufficient

justification for a change in claimant's treating physician.  We

have previously identified several grounds upon which a change

in an employee's treating physician will be ordered:

> "inadequate treatment is being rendered; it
> appears that treatment is needed by a
> specialist in a particular field and is not
> being provided; no progress being made in
> improvement of the employee's health
> condition without any adequate explanation;
> conventional modalities of treatment are not
> being used; no plan of treatment for
> long-term disability cases; and failure to
> cooperate with discovery proceedings ordered
> by the Commission."

Briggs, 28 Va. App. at 675, 508 S.E.2d at 341 (quoting Powers v.

J.B. Constr. Co., 68 O.I.C. 208, 211 (1989)).  "Additionally,

when an employer seeks to change claimant's treating physician

because the claimant has made little progress and no treatment

plan has been derived, the employer must identify the

alternative care that should be substituted and must demonstrate

that the suggested care would be more appropriate and

productive."  Id. (citing Bennett v. Fairfax County Sch. Bd., 74

O.W.C. 1, 4 (1995)).

-

In the instant case, the commission found that there were "fundamental conflicts" between the opinions of Dr. Murray Joiner and Dr. David Cifu, employer's two experts. While Dr. Joiner recommended "more aggressive evaluation and treatment," Dr. Cifu opined that "further evaluations and intensive interventions for [claimant's] Chronic Pain Syndrome would be inappropriate." Additionally, Dr. Joiner failed to explain how his recommended plan "would differ from the claimant's present treatment" and "the claimant has received essentially all of the treatment and therapy recommended by Dr. Cifu." In short, employer failed to identify a medical treatment program that would be "more appropriate and productive." Briggs, 28 Va. App. at 675, 508 S.E.2d at 341. Claimant's condition is "chronic," and the commission found his "lack of improvement to be understandable." Because credible evidence supports these findings, we affirm the commission's decision.

Affirmed.

-