COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitpatrick, Judge Annunziata and
        Senior Judge Duff
Argued at Alexandria, Virginia


MILLER & LONG COMPANY, INC. AND
 HARTFORD CASUALTY INSURANCE COMPANY
                              MEMORANDUM OPINION[*] BY
v.   Record No. 0939-99-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                     JUNE 27, 2000
JERRY M. BLAKE


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            William S. Sands, Jr. (John C. Duncan, III;
            Duncan & Hopkins, P.C., on brief), for
            appellant.

            Kenneth Warren Smith for appellee.


     Miller & Long Co., Inc. and its insurer ("employer")

contend that the Workers' Compensation Commission ("commission")

erred in awarding medical and temporary total disability

benefits to Jerry M. Blake ("claimant").  The sole issue before

the Court is whether credible evidence supports the commission's

finding that claimant's injury arose out of his employment.

Finding the evidence insufficient, we reverse.

                              I.

     Claimant has been employed as a carpenter for approximately

thirteen years.  The evidence established that on or about

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

March 26, 1998, shortly after arriving at the job site and punching in, claimant picked up his tool bag and his lunch bag and began climbing twenty flights of stairs to begin work. Claimant climbed four flights of stairs and on the fourth floor landing, as he turned to begin the fifth flight of stairs, he "just heard a pop in [his] knee". Claimant climbed the remaining flights of stairs and reported no difficulty or pain until two or three hours later. He worked the remainder of the day and returned to work the next day. His supervisor gave him permission to leave an hour early due to the pain he was experiencing in his knee.

Claimant sought medical treatment from Alexandria Hospital on April 2, 1998, and he then began treatment with Dr. Kavjian on April 13, 1998. Dr. Kavjian diagnosed complex tears of the medial meniscus and degenerative joint disease. In his report of April 13, 1998, Dr. Kavjian stated that claimant was walking up steps and pivoted on his right knee when he sustained the injury. Claimant underwent arthroscopic surgery on April 29, 1998. He saw Dr. Kavjian several times post surgery for follow-up and was released to return to work without restrictions on June 11, 1998.

Claimant filed a claim for benefits. Following a hearing, the deputy commissioner found that "there was no evidence that the injury arose out of his employment. His evidence did not show that any defect in the stairs or any condition peculiar to

-

his employment which (sic) caused him to injure himself."

Accordingly, the deputy commissioner denied the claim for benefits.

Claimant appealed and the commission reversed the deputy commissioner's decision. The commission found that

> Blake was required to climb four flights of stairs while carrying a sixty-pound bag of tools, then pivot on his right knee in order to continue to the next flight of stairs. We find that this significant work related exertion contributed to his injury, and constitutes an actual risk of his employment. The demands of his work required him to carry the heavy tool bag up the stairs. His injury did not result from the simple act of turning on the landing without the intervention of any hazards of his employment. To the contrary, it resulted from the stressful demands of his work which required him to lug a heavy tool bag, a risk which peculiarly arose from his employment.

(Citation omitted).

## II.

Employer contends that no credible evidence supports the commission's finding that claimant's injury arose out of his employment.

"On appeal, we view the evidence in the light most favorable to the claimant, who prevailed before the commission." Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 672, 508 S.E.2d 335, 340 (1998) (citations omitted). "'Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court.'" WLR Foods

v. Cardosa, 26 Va. App. 220, 230, 494 S.E.2d 147, 152 (1997) (quoting Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991)).  "'The fact that there is no contrary evidence in the record is of no consequence.'"  Id. (quoting Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991)).

"An accident arises out of the employment if there is a causal connection between the claimant's injury and the conditions under which the employer requires the work to be performed."  Grove v. Allied Signal, Inc., 15 Va. App. 17, 19, 421 S.E.2d 32, 34 (1992) (internal quotations and citations omitted).  "[T]he arising out of test excludes 'an injury which comes from a hazard to which the employee would have been equally exposed apart from the employment.  The causative danger must be peculiar to the work, incidental to the character of the business, and not independent of the master-servant relationship.'"  County of Chesterfield v. Johnson, 237 Va. 180, 183-84, 376 S.E.2d 73, 75 (1989) (quoting United Parcel Serv. v. Fetterman, 230 Va. 257, 258-59, 336 S.E.2d 892, 893 (1985)).

This case is controlled by County of Chesterfield v. Johnson, 237 Va. 180, 376 S.E.2d 73 (1989).  In that case, the Supreme Court stated there must be evidence of a link between the work-related condition or event and the injury.  See id. at 186, 376 S.E.2d at 79.  In the instant case, the evidence established no defect in the stairs and no condition peculiar to

-

claimant's employment that caused his injury.  Claimant's testimony was that he simply pivoted on his right knee to make a turn to ascend the fifth flight of steps, including the following:

> Well, going up the steps, just -- I, I did remember that the fourth floor, and in going to the fifth floor, turning you know. Because each, each step has got like, go up, then turn, and then, and then you're on each floor.  But when I went up to like the fourth floor to turn, I, I just heard a pop in my knee . . . .

In response to questioning by the deputy commissioner, claimant testified that he carried a tool bag that weighed "probably sixty pounds."

The claimant failed to make any causal connection between the weight of the tool bag he had carried up the stairs and the pivoting movement he was making when he heard the pop in his knee.  In describing how he sustained the injury, he gave no testimony regarding the tool bag or its weight.  Additionally, no medical evidence provided any causal connection to the carrying of the tool bag.  Thus, the claimant failed "to show that the conditions of the workplace or that some significant work related exertion caused the injury."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989).  "The mere happening of an accident at the workplace, not caused by any work related risk or significant work related exertion, is not compensable."  Id.

-

While the commission may make reasonable inferences from the testimony presented, see Farrar, 13 Va. App. at 229, 409 S.E.2d at 877, there is no evidence in this case which would support the inference that the tool bag contributed to the claimant's knee injury. The claimant does not mention it in any way as contributing to the injury or that it was strenuous or that it was a risk of his employment. The medical evidence mirrors the claimant's testimony regarding the circumstances surrounding the injury and does not include anything that would support the commission's speculation that the carrying of the tool bag constituted a work-related risk that gave rise to the injury.

For the foregoing reasons, we reverse.

Reversed.

-