COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Agee and Senior Judge Hodges
Argued at Chesapeake, Virginia


PENTRAN AND VIRGINIA MUNICIPAL GROUP
 SELF-INSURANCE ASSOCIATION
                                    MEMORANDUM OPINION* BY
v.    Record No. 1496-00-1          JUDGE JAMES W. BENTON, JR.
                                        FEBRUARY 27, 2001
DORIS B. CHERRY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            William C. Walker (Bradford C. Jacob;
            Taylor & Walker, P.C., on brief), for
            appellants.

            No brief or argument for appellee.


     The sole issue raised by this appeal is whether the

commission erred in finding that the statute of limitations did

not bar Doris B. Cherry's claim for compensation.  We affirm the

award.

     The undisputed evidence establishes that Cherry sustained

an injury by accident on July 14, 1995, and obtained medical

treatment.  Although Cherry notified Pentran of the injury in

August 1995, Pentran did not file its first report of injury

with the commission until January 30, 1998.  Cherry filed her

claim fifteen days earlier, on January 15, 1998.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

A right to workers' compensation benefits is barred unless a claim is filed with the commission within two years of the accident.  Code § 65.2-601.  This limitation may be tolled, however, as follows:

> In any case where an employer has received notice of an accident resulting in compensable injury to an employee as required by [Code] § 65.2-600, and . . . the employer has failed to file the report of said accident with the Virginia Workers' Compensation Commission as required by [Code] § 65.2-900, and such conduct of the employer has operated to prejudice the rights of such employee with respect to the filing of a claim prior to expiration of a statute of limitations otherwise applicable, such statute shall be tolled . . . until the employer files the first report of accident required by [Code] § 65.2-900.  For purposes of this section, such rights of an employee shall be deemed not prejudiced if . . . he has received after the accident a workers' compensation guide described in [Code] § 65.2-201 . . . .

Code § 65.2-602.

Pentran does not dispute that it received notice of the injury from Cherry within a month of its occurrence and that it did not file its first report of injury with the commission until January 30, 1998, more than twenty-nine months after it received notice of Cherry's injury.  Relying on a January 1993 accident, in which Cherry was injured and Pentran filed Memoranda of Agreement, Pentran contends Cherry received a guidebook from the commission in 1993 and, therefore, "certainly had notice" that she had to file a claim after her 1995 injury.

-

Thus, Pentran argues Cherry failed to prove prejudice from Pentran's failure to timely file the report of injury after her 1995 injury.

No evidence proved Cherry knew that she had to file a claim after her 1995 injury. The evidence proved that when the 1993 injury occurred Pentran filed the Memoranda of Agreement and other documents with the commission. Cherry testified, and the commission found, that she relied upon Pentran to notify the commission of the 1995 claim and that she did not realize she had the "responsibility too" to file with the commission. The commission specifically did "not find it significant that [Cherry] received a booklet from the Commission more than two years prior to this injury." Indeed, the 1993 injury is not "the accident" at issue in this proceeding within the meaning of Code § 65.2-602. For the receipt of the booklet to have eliminated any prejudice to Cherry, she would have had to have received it after the July 14, 1995 accident.

In view of Cherry's testimony that she did not know she had a responsibility to file her claim with the commission, we conclude the record supports the commission's finding. "Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court." Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991). Furthermore, "[i]n determining whether credible evidence exists, the appellate

-

court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).  Thus, we cannot assume, contrary to the evidence and the commission's finding, that Cherry knew she had to file a claim.

Pentran's failure to file a report of accident prior to the expiration of the two years deprived Cherry of the opportunity to receive the guidebook specified in Code § 65.2-201(D) within the two-year limitation period.  Cherry did not receive the statutory notice informing her that she had to file a claim after her 1995 injury by accident.  Accordingly, the evidence supports the commission's ruling that Cherry was prejudiced by Pentran's delayed filing.  We affirm the award.

Affirmed.

-