COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, McClanahan and Senior Judge Coleman
Argued at Salem, Virginia


TRI TUBE, INC. AND
 GREAT AMERICAN INSURANCE COMPANY

                                                          MEMORANDUM OPINION[*] BY
v.        Record No. 1879-03-3                     JUDGE RUDOLPH BUMGARDNER, III
                                                              FEBRUARY 3, 2004
DELORES A. OWENS


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Daniel E. Lynch (John T. Cornett, Jr.; Williams & Lynch, on brief),
            for appellants.

            D. Edward Wise, Jr. (Arrington, Schelin & Herrell, P.C., on brief),
            for appellee.


        Tri Tube, Inc. and its insurer contend the Workers' Compensation Commission erred in

finding Delores A. Owens sustained an injury by accident.  The employer argues that the worker

was not going to the dumpster to discard scraps when she fell and that she suffered from prior

right shoulder pain.  We affirm because credible evidence supports the commission's decision.

        "Decisions of the commission as to questions of fact, if supported by credible evidence,

are conclusive and binding on this Court." Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227,

229, 409 S.E.2d 824, 826 (1991).  We view the evidence in the light most favorable to the

worker. Id. The worker operated a bending machine making parts for hot water tanks.  Her shift

ended at 11:00 p.m., at which time she was to clean her work area.  At approximately 10:50 p.m.

on a Friday, the worker took pieces of scraps to the outside dumpster.  The area around the

dumpster was dark, and it was snowing and cold.  The worker threw the scraps in the dumpster.

────────────────

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

As she turned to run back inside, her "foot went down to the right," and she fell on her right shoulder. The worker maintained she must have gone off the concrete pavement and into the gravel because she could not see well.

Upon re-entering the building, the worker cleaned herself off, and reported her fall to several co-workers. The worker reported the incident to her employer after she went home. The Employer's First Accident Report stated, "employee was taking out scraps when she stepped into a hole and fell onto her right shoulder, resulting in a strain."

The worker saw Dr. Lee the following Monday and told him she fell while "running outside at work." He diagnosed a right shoulder contusion and prescribed physical therapy. The physical therapist recorded that the worker landed on her right shoulder when she fell at work. He noted she had a "mild right shoulder sprain/strain with positive signs of symptom exaggeration and inappropriate illness behavior." After a week, the swelling went down and the contusions disappeared. Dr. Lee kept her out of work due to continued shoulder weakness and her inability to raise it above 100 degrees. An orthopedist eventually prescribed rotator cuff surgery.

The worker filed a claim for benefits more than a year later. The deputy commissioner denied the worker's claim finding she had not satisfied her burden of proof. The full commission reversed and awarded benefits with one commissioner dissenting. The employer contends the worker's testimony was not credible for three reasons. First, the worker was not going to discard scraps but to start her car in violation of company policy. Second, the worker did not fall at all. Third, the worker had shoulder problems before the date of the alleged fall.

The employer stresses evidence that supports each of its contentions. Two co-workers heard the worker say that she was going to start her car and saw her leave with her car keys in her hand. The two did not see her carrying any scraps. One witness said the worker's clothes

were neither muddy nor dirty though the parking lot was nasty and another worker came to work with mud on her shoes. Another witness saw the worker "dust her clothes off," but did not observe any dirt on her clothes. Finally, three witnesses testified the worker regularly complained about pain in her shoulders, and one recalled a complaint about neck pain.

The commission accepted the worker's version of how she was injured. The medical reports corroborated her testimony. The commission evaluated the evidence of the worker's prior complaints, and it limited the disability award to the one week she suffered from swelling and contusions. "The fact that contrary evidence may be found in the record is of no consequence if credible evidence supports the commission's finding." Id. at 229, 409 S.E.2d at 826. "It was the Commission's duty to weigh the evidence and determine the credibility of the witnesses. Here, the Commission believed [the worker] and we must uphold that decision, even though a strong argument is made that the other witnesses were more credible." Russell Loungewear v. Gray, 2 Va. App. 90, 93, 341 S.E.2d 824, 825 (1986).

Credible evidence supports the commission's decision. Accordingly, we affirm.

Affirmed.