COURT OF APPEALS OF VIRGINIA


Present:    Judges Clements, Haley and Senior Judge Annunziata
Argued by teleconference


KING GEORGE CUSTOM HOMES, INC. AND
 ERIE INSURANCE EXCHANGE
                                                            MEMORANDUM OPINION[*] BY
v.        Record No. 3135-05-4                         JUDGE JAMES W. HALEY, JR.
                                                                 JULY 5, 2006
JOSE HERNANDEZ AND
 UNINSURED EMPLOYER'S FUND


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Benjamin J. Trichilo (Trichilo, Bancroft, McGavin, Horvath &
        Judkins, on briefs), for appellants.

        Jimese Pendergraft Sherrill (Siciliano, Ellis, Dyer & Boccarosse, on
        brief), for appellee Uninsured Employer's Fund.

        No brief or argument for appellee Jose Hernandez.


        King George Custom Homes (appellant) appeals a decision of the Virginia Workers'

Compensation Commission that it was the statutory employer of Jose Hernandez under Code

§ 65.2-302(B).  Finding that evidence exists to support the commission's conclusion, we affirm.

I.

PROCEDURAL BACKGROUND

        Jose Hernandez was an employee of Daniel Teyhen, operating under the name All Work,

when he was injured in a job site accident on November 24, 2003.  He filed his claim for benefits

on January 30, 2004.  Teyhen had no insurance to cover the claim.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

By a motion of the Uninsured Employer's Fund (the Fund), the commission added appellant as a party on June 5, 2004, maintaining that appellant was a statutory employer of Hernandez under Code § 65.2-302(B). The deputy commissioner found that appellant was not a statutory employer, but after the Fund appealed the full commission held that appellant was a statutory employer and, therefore, liable for the claim. Appellant then appealed to this Court.

II.

FACTS

Jose Hernandez suffered an on-the-job injury to his leg on November 24, 2003 while working for Daniel Teyhen in the Canterbury subdivision in King George's County. That day, Teri Krukowski, also employed by Teyhen, arrived with some concrete culverts for use at the site that Hernandez and another employee helped to unload. As they moved the culverts down a hill, they lost control of one, which then rolled over Hernandez's leg, causing the injury.

Appellant conceded in interrogatory answers, which were later introduced as evidence by the Fund, that it had an oral contract with Teyhen "to perform small site work, footings, and a driveway for a homeowner." Another answer acknowledged that Teyhen "was a sub-contractor." Appellant introduced its own answers to supplemental interrogatories, without objection, stating that "[t]he work did not include delivery or installation of concrete culverts." Aside from these answers to the supplemental interrogatories, appellant introduced no evidence at the hearing concerning the nature of its contract with Teyhen. No officer or employee of appellant testified. Appellant maintains on the basis of this evidence that the oral contract did not include installation of the concrete culverts that caused Hernandez's injury.

During his deposition, which was included as evidence because of his inability to attend the hearing, Teyhen agreed that appellant's description of the job as requiring "small site work, footings, and a driveway" was accurate but further testified that the delivery of the culverts was

part of the contract. Teyhen was confused to some extent as to the contractor who hired him, saying it was either Burrell & Estes or King George Custom Homes and that generally he just spoke to either Mr. Estes or Mr. Burrell, who are the president and treasurer, respectively, of King George Custom Homes. As long as Teyhen gave one or the other an invoice, he received his payment.

Two invoices produced by King George Custom Homes and introduced at the hearing reflect this confusion. Both bear the names Dan Teyhen and All Work at the top, but one, dated October 1, 2003, is made out to Burrell & Estes, while the other, dated November 29, 2003, says "K.G. Custom Homes." Notably, the invoice made out to Burrell & Estes has written at the top "Wrong Co. Name." Both Teyhen and Krukowski (who often did office work for Teyhen) testified that they did not make the notation. Both invoices are marked as paid with check numbers listed. Most importantly, however, the November invoice lists "Install 15" Road Culverts 8 Culverts extra 15" Road Culvert 12 Culverts [sic]" as part of the job.

Krukowski testified at the hearing before the deputy commissioner. She described the events causing Hernandez's injury but also discussed the nature of the work. She stated that the project was a garage addition to an existing home; that the backfill, driveway, and culverts were connected with that project; and that their work was part of "[t]he builders [sic] work."

III.

STANDARD OF REVIEW

Under familiar principles, we view the evidence on appeal in the light most favorable to the prevailing party below. Creedle Sales Co. v. Edmonds, 24 Va. App. 24, 26, 480 S.E.2d 123, 124 (1997). We will not disturb the commission's findings of fact if supported by credible evidence, even if the record contains contrary evidence. Manassas Ice & Fuel Co. v. Federated Mutual Ins. Co., 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991). On issues of law, however,

- 3 -

the commission is entitled to no deference.  Robinson v. Salvation Army, 20 Va. App. 570, 572,

459 S.E.2d 103, 104 (1995).

IV.

ANALYSIS

The commission's determination that a person is a statutory employee "presents a mixed

question of law and fact which must be resolved in light of the facts and circumstances of each

case."  Cooke v. Skyline Swannanoa, 226 Va. 154, 156, 307 S.E.2d 246, 247 (1983).  Code

§ 65.2-302(B) states that

> When any person [the contractor] contracts to perform or execute
> any work for another person which work or undertaking is not a
> part of the trade, business or occupation of such other person and
> contracts with any other person [the subcontractor] for the
> execution or performance by or under the subcontractor of the
> whole or any part of the work undertaken by such contractor, then
> the contractor shall be liable to pay to any worker employed in the
> work any compensation under this title which he would have been
> liable to pay if that worker had been immediately employed by
> him.

The Supreme Court of Virginia described the test as providing that "[a] general

contractor becomes a statutory employer when he contracts with an owner to perform work

which 'is not a part of the trade, business or occupation of' the owner and engages a

subcontractor to perform 'the whole or any part of the work undertaken by such [general]

contractor.'"  Cinnamon v. Int'l Bus. Mach. Corp., 238 Va. 471, 475, 384 S.E.2d 618, 619

(1989) (quoting Code § 65.1-30 (now § 65.2-302)) (alteration in original).  To aid the application

of the statute as a whole, the Supreme Court set out the Shell Oil test, which consists of two

prongs: the "normal-work test" and the "subcontracted-fraction test."  Shell Oil Co. v. Leftwich,

212 Va. 715, 187 S.E.2d 162 (1972).  The subcontracted-fraction test is derived from Code

§ 65.2-302(B), quoted above, and controls this case.

- 4 -

As restated by the Court in <u>Cinnamon</u>, the subcontracted-fraction test provides that

> If the work out of which the accident arose was, in the language of <u>Shell Oil</u>, "obviously a subcontracted fraction of [that] contract" and, in the language of the statute, "not a part of the trade, business or occupation of" the owner, the general contractor who engaged the subcontractor to perform that fraction is the statutory employer of the injured worker, whether directly employed by the primary subcontractor or by a secondary subcontractor.

238 Va. at 476, 384 S.E.2d at 620

Applying the subcontracted-fraction test here, appellant would be the statutory employer if 1) it contracted with the home owner to perform work not in the trade, business or occupation of the owner and 2) Hernandez was performing a part of appellant's contract with the home owner that had been subcontracted out to Teyhen at the time of his injury.

None of the parties to this action alleges that the installation of the driveway, footers, or any other portion of the general contract is within the trade, business, or occupation of the owner, so appellant meets the first requirement. Appellant's only contention is that installation of the concrete culverts was not part of its contract with Teyhen, and that, therefore, the second requirement is not met. Because the commission found as a fact that installation of the culverts was part of appellant's contract with Teyhen, we will affirm the finding if any credible evidence supports it. <u>Manassas Ice & Fuel Co.</u>, 13 Va. App. at 229, 409 S.E.2d at 826.

Our review of the record yields sufficient evidence to affirm the commission's conclusion that Hernandez was the statutory employee of appellant. Appellant's own interrogatory answers establish that it employed Teyhen as a subcontractor at the site of the injury. Although appellant attempts to cloud the issue by citing Teyhen's testimony that he did not know exactly with whom he contracted, under the rule of <u>Massie v. Firmstone</u> appellant cannot abandon its own admission that it hired Teyhen as a subcontractor for the job. 134 Va. 450, 462, 114 S.E. 652, 656 (1922) ("No litigant can successfully ask a court of jury to believe that he has not told the truth. His

statements of fact . . . are binding upon him.")  Teyhen and Krukowski both testified that installing the culverts was a portion of that contract, and the November invoice submitted by Teyhen to appellant, which appellant paid, corroborates this testimony by listing installation of culverts as a portion of the job.

The only evidence appellant cites to support its view that the contract with Teyhen did not include installation of the culverts is its own self-serving declaration contained in its interrogatory responses and created after the dispute arose.  Moreover, this scant evidence is clearly contradicted by the testimony of Teyhen and Krukowski and the invoice appellant paid listing delivery and installation of the culverts as part of the job.  Under Manassas Ice & Fuel, therefore, we will not overturn the commission's findings.  13 Va. App. at 229, 409 S.E.2d at 826.

The evidence supports the commission's conclusion applying the subcontracted fraction test that Hernandez was performing part of the general contract that appellant sub-contracted out to Teyhen.  Thus, the decision of the Workers' Compensation Commission is affirmed.

Affirmed.