COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Felton, Senior Judges Willis and Annunziata
Argued at Alexandria, Virginia


WARREN (COUNTY OF) AND
  VIRGINIA ASSOCIATION OF COUNTIES
  GROUP SELF-INSURANCE
                                                         MEMORANDUM OPINION[*] BY
v.        Record No. 0987-07-4                    CHIEF JUDGE WALTER S. FELTON, JR
                                                              JANUARY 15, 2008
YVONNE D. DONAHOE (WIDOW OF JAMES O. DONAHOE),
  FRONT ROYAL (TOWN OF) FIRE & RESCUE AND
  VIRGINIA MUNICIPAL GROUP
  SELF-INSURANCE ASSOCIATION


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            E. Albion Armfield (John C. Johnson; Frith Anderson & Peake, P.C.,
            on brief), for appellants.

            Ralph L. Whitt, Jr. (Whitt & Del Bueno, on brief), for appellees
            Front Royal (Town of) Fire & Rescue and Virginia Municipal
            Group Self-Insurance Association.

            No brief or argument for appellee Yvonne D. Donahoe.


        Warren County and its insurer, the Virginia Association of Counties Group

Self-Insurance (collectively "Warren County"), appeal a decision of the Workers' Compensation

Commission ("commission") finding James Donahoe ("Donahoe"), at the time of his death, was

an employee of Warren County under the Workers' Compensation Act ("Act"). The parties

conceded that Donahoe was an "employee" under the Act and that his statutory beneficiaries

were entitled to benefits payable under the Act as a result of his death. The sole question on

appeal is whether Donahoe was an employee of Warren County or of the Town of Front Royal at

the time of his death. For the following reasons, we affirm the commission's decision.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

On July 1, 1998, Warren County assumed, under an agreement ("Agreement") adopted by it and the Town of Front Royal, full service funding and responsibility for the Town of Front Royal's fire and rescue services, parks and recreation operations and animal control services. Paragraph Four of the Agreement provided,

> [t]he County will assume operational control and funding of the Front Royal Volunteer Fire & Rescue Department . . . to include supervision and management of all paid staff . . . . Since the County does not have a LEOS[1] program, the Town agrees to continue to administer the payroll system for the three (3) paid staff employees presently employed by the Town.

Donahoe was one of the three employees for whom the Town of Front Royal agreed to administer a payroll system, directly issuing his paycheck and providing payment for his benefits.[2] Warren County reimbursed the Town of Front Royal for the cost of Donahoe's salary and benefits, including the premium for his workers' compensation coverage.

Richard Mabie, Chief of the Warren County Department of Fire and Rescue Services, testified that the Town of Front Royal "had no involvement in the control and supervision of [Donahoe] after the Agreement went into effect." Donahoe reported directly to him. Chief Mabie assigned the fire station where Donahoe was to work, as well as directed which shifts he worked. When Donahoe sought to receive "step" increases in pay, in the same manner that other Warren County firefighters received them, he sent his request to the Warren County Administrator. Warren County, through Chief Mabie, denied that request, citing Donahoe's

---

[1] LEOS is a law enforcement officers supplemental retirement benefit available to qualifying persons under the Virginia Retirement System.

[2] The Virginia Municipal Group Self-Insurance Association representative stated that it was not aware that Warren County controlled Donahoe's day-to-day work as a firefighter and that the County reimbursed the Town of Front Royal for the premiums it paid to the Virginia Municipal Group Self-Insurance Association.

decision to remain under the Town of Front Royal's personnel policies, under which he worked forty-two and one-half hours a week, whereas the other Warren County firefighters worked fifty hours a week. Warren County did, however, provide Donahoe the same cost of living increases as paid to other Warren County employees.

In 2003, Donahoe applied for retirement under the Virginia Retirement System (VRS). He listed the Town of Front Royal as his employer.[3] A Town of Front Royal representative certified that employment relationship. In February 2004, prior to his retirement, Donahoe died of coronary artery disease.

## II. ANALYSIS

Here, as they did before the commission, the parties conceded that Donahoe was an employee entitled to benefits under the Act and that he was entitled to the heart/lung presumption provided for firefighters pursuant to Code § 65.2-402(B). The only issue before us is whether, at the time of his death, Donahoe was an employee of the Town of Front Royal or of Warren County.

On appeal, "[d]ecisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court." Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991). "The fact that contrary evidence may be found in the record is of no consequence if credible evidence supports the commission's finding." Id.

In determining whether, under the Act, Donahoe was an employee of Warren County, as the commission found below, or of the Town of Front Royal, as urged by the appellant, we

---

[3] Donahoe remained on the Front Royal payroll because it participated in LEOS. Warren County had not adopted that supplemental retirement benefit.

consider, pursuant to well-established precedent,[4] four basic elements: "'(1) selection and engagement of the servant; (2) payment of wages; (3) power of dismissal; and (4) the power of control of the servant's action.'" Ideal Steam Laundry v. Williams, 153 Va. 176, 180, 149 S.E. 479, 480 (1929) (quoting A.C.L.R. Co. v. Tredway's Admx., 120 Va. 735, 745, 935 S.E. 560, 562 (1917)). Virginia courts have consistently held that "'the "power of control" is the most significant element bearing on the question.'" See id. The other considerations "'are not the ultimate facts, but only those more or less useful in determining whose is the work and whose is the power of control.'" Id.

From the evidence presented to it, the commission concluded that Warren County was Donahoe's employer under the Act. Specifically, it found Warren County "supervised [Donahoe]," "controlled the method and manner of [his] work," and oversaw his training. Although the Town of Front Royal "continued to handle payroll matters relative to [Donahoe] after the Agreement went into effect in July 1998," its "'control' of [Donahoe] after the Agreement went into effect was minimal--and was essentially limited to serving as a payroll agent for Warren County."

Chief Mabie verified that the Town of Front Royal "had no involvement in the control and supervision of [Donahoe] after the Agreement went into effect" and that Donahoe reported directly to him. While the Town of Front Royal issued Donahoe's paycheck, the Town was fully reimbursed by Warren County for the wages and benefits it paid to him. Credible evidence before the commission proved Donahoe's "employment actions were predominately controlled, on a day-to-day basis," by Warren County.

---

[4] See Smith v. Grenadier, 203 Va. 740, 746, 127 S.E.2d 107, 111 (1962); Virginia Polytechnic & State Univ. v. Frye, 6 Va. App. 589, 593, 371 S.E.2d 34, 36 (1988).

- 4 -

Even though Donahoe and the Town of Front Royal represented on his application for VRS retirement benefits, including the LEOS supplement, that he was a Town of Front Royal employee, the Town of Front Royal was not, in fact or law, Donahoe's employer for the purposes of payment of workers' compensation benefits. The representation on the application for retirement form was simply consistent with the Agreement's provision that the Town of Front Royal would continue to administer Donahoe's pay so that he could retain the LEOS retirement supplement, not offered by Warren County in 1998 when the Agreement took effect. Donahoe's daily work activities and assignments were controlled by Warren County.

From the record before us, we conclude the commission did not err in finding Donahoe was an employee of Warren County for the purposes of payment of benefits under the Act. Accordingly, we affirm the commission's decision that Warren County is responsible for payment of workers' compensation benefits resulting from Donahoe's death.

<u>Affirmed.</u>