COURT OF APPEALS OF VIRGINIA

Present:   Judges Huff, O'Brien and Senior Judge Haley
Argued at Fredericksburg, Virginia

VERIZON VIRGINIA INC. AND
  SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.

MEMORANDUM OPINION[*] BY
v.        Record No. 1556-18-4                    JUDGE JAMES W. HALEY, JR.
                                                  MAY 14, 2019
VIRGIL SALIARD


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> Pietro F. Sanitate (Joshua M. Wulf; Midkiff, Muncie & Ross, P.C.,
> on brief), for appellants.
>
> Andrew S. Kasmer for appellee.


Verizon Virginia and Sedgwick Claims Management Services ("employer") appeal the

decision of the Virginia Workers' Compensation Commission ("Commission"), which held that

Virgil Saliard ("claimant") experienced a compensable injury arising out of and in the course of

his employment and that the requested medical treatment and disability were causally related to

the work accident.  Employer argues that the Commission erred in finding claimant's injury was

work-related because claimant's testimony was inherently incredible.[1]  We affirm the

Commission's decision.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Employer raised four assignments of error in its opening brief but addressed them in a
single argument.  To the extent that the argument does not discuss fully the assigned errors, they
are waived under Rule 5A:20, which provides that the opening brief must contain "the argument
(including principles of law and authorities) relating to each assignment of error."

Background

On appeal, "[t]his Court must view the evidence in the light most favorable to the prevailing party before the commission." Samartino v. Fairfax Cty. Fire & Rescue, 64 Va. App. 499, 502-03 (2015). So viewed, the evidence established that on May 12, 2017, claimant was employed as an "outside plant tech" for employer, which involved installing poles and above-ground and underground cables. The diameter of the cable was about the size of a quarter. While pulling a cable, which had been lashed to a pole, downward to a reel, claimant felt an immediate pain in his back that radiated through his left leg into his left foot.

Claimant went to Inova Fairfax Hospital ("Inova") on May 13, 2017. He told the treating physicians that the pain on his left side of his back had begun the previous day and he had had pain on the right side of his back in April 2016. He did not mention that the pain on his left side had been caused by a work injury because he only gave information "based on what [the medical personnel] asked [him]" when they inquired about his prior medical history and present pain. Claimant reported the accident to his supervisor after he left the hospital. Due to persistent pain, claimant returned to the hospital on May 18, 2017, and was hospitalized for three days before returning to work.

Claimant continued to experience back pain. During the next several months, he sought treatment from his primary care physician, Dr. Patel, a neurologist, Dr. Manem, and a neurosurgeon, Dr. McHugh. Claimant stopped working on September 5, 2017, on the advice of Dr. McHugh, who also recommended that claimant have back surgery. Claimant filed a *pro se* claim for benefits on October 6, 2017, and filed a second claim for benefits on November 7, 2017, after retaining counsel. Claimant's request for surgery was denied in October 2017, but he did not learn of the denial until November 2017, after which Dr. McHugh did not continue treating him.

On March 30, 2018, an evidentiary hearing was held before the deputy commissioner. Claimant sought an award for his injury "involving his lower back with left sided radiculopathy," including authorization for back surgery. Employer challenged whether the injury arose out of and in the course of claimant's employment and whether his condition was causally related to his employment.

Claimant testified at the hearing that he had told doctors Patel and McHugh that he had injured his back while pulling cable at work, but the doctors' notes of visits before December 2017 did not reflect that claimant's injury was work-related. After claimant's surgery request was denied, his medical records specifically indicated that his back pain was related to his work injury. Dr. Patel noted after an office visit on December 1, 2017, that claimant's back pain "started in May 2017 when [claimant] was pulling a heavy cable at work." Claimant's attorney recommended that claimant see Dr. Sabet, who was associated with an orthopaedic and spine practice. Dr. Sabet's record of an office visit on January 4, 2018, stated, "50 y/o male, new patient, who sustained an injury to his low back after pulling fiber cables on 5/12/2017 while at work."

Ruling in favor of claimant, the deputy commissioner stated:

> [W]e closely observed the claimant during the course of his hearing testimony, and we determine he was a candid and credible witness. The claimant did not demonstrate any physical mannerisms or facial expressions which lead us to conclude he was anything other than totally honest in his testimony regarding the circumstances of his injury. We therefore fully credit his testimony that, while pulling on some cable he was installing, he felt pain in his back radiating through his leg to his left foot.

The deputy commissioner determined that claimant proved he had suffered a compensable injury arising out of and in the course of his employment and that the requested medical treatment and disability were causally related to the work accident.

Employer requested review by the full Commission, which affirmed in a unanimous decision on September 14, 2018. When discussing claimant's credibility, the Commission explained:

> The Deputy Commissioner also carefully considered the claimant's testimony regarding the details he provided to his doctors as well as the reasons he did not initially elaborate about his work accident. The Deputy Commissioner, recognizing "that the contemporaneous medical record does not indicate the cause of injury to which the claimant testified at the hearing until [Dr. Patel's] December 1, 2017" note, nonetheless found the claimant's explanations satisfactory and credible. We defer to these credibility determinations, which were based on the Deputy Commissioner's observations of the claimant's demeanor, and in light of the other evidence in the record including the claimant's testimony that he did tell Dr. Patel and Dr. McHugh about pulling cable at work and the details that are accurately described in later medical histories.

The Commission further stated that it did "not expect medical histories to mirror the claimant's testimony of how the injury occurred" because the medical providers' "primary interest is diagnosis and treatment."

Employer appealed to this Court, asserting that the Commission's credibility findings in favor of claimant were in error in light of the contemporaneous medical evidence that failed to corroborate claimant's testimony.

Analysis

Questions regarding "the causation, nature, and extent of disability" are issues of fact. United Airlines, Inc. v. Hayes, 58 Va. App. 220, 237 (2011). "Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding upon this Court." VFP, Inc. v. Shepherd, 39 Va. App. 289, 292 (2002) (quoting WLR Foods v. Cardosa, 26 Va. App. 220, 230 (1997)). "That contrary evidence may be in the record is of no consequence if there is credible evidence to support the commission's findings." Georgia-Pacific Corp. v. Robinson, 32 Va. App. 1, 4, (2000) (quoting Sneed v. Morengo, 19 Va. App. 199, 204 (1994)).

- 4 -

"In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894 (1991).

The claimant must prove, by a preponderance of the evidence, that he sustained a compensable injury. See Va. Dep't of Transp. v. Mosebrook, 13 Va. App. 536, 537 (1992). The claimant must establish that an identifiable incident occurred at some reasonably definite time, resulting in an obvious sudden mechanical or structural change in his body that is causally connected to the incident. See Hoffman v. Carter, 50 Va. App. 199, 212 (2007).

Employer contends that the Commission erred in awarding benefits to claimant because its decision was based on its erroneous assessment that claimant was a credible witness. Employer argues that claimant's testimony was inherently incredible because his medical records contradicted his testimony that he told his treating doctors that his injury was work-related before his request for surgery was denied. Employer points to claimant's medical records that do not mention a work-related injury, arguing that no causal link between his injury and his employment has been established.

However, claimant explained at the hearing that he relayed the details of the injury "based on what [the medical personnel] asked [him]." Both the deputy commissioner and the full Commission accepted his explanation, deeming claimant credible. "Evidence is not 'incredible' unless it is 'so manifestly false that reasonable men ought not to believe it' or shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ." Gerald v. Commonwealth, 295 Va. 469, 486-87 (2018) (quoting Juniper v. Commonwealth, 271 Va. 362, 415 (2006)). Claimant's explanation did not stray so far from human experience as to suggest it was beyond belief. The fact that claimant's medical records did not initially reflect that his injury had occurred while he was pulling cable on May 12, 2017,

did "not necessarily render [his] testimony unworthy of belief." Juniper, 271 Va. at 415. Rather, "[t]his circumstance [was] appropriately weighed as part of the entire issue of witness credibility," to be determined by the fact finder. Id.

Further, "[m]edical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Dollar General Store v. Cridlin, 22 Va. App. 171, 176 (1996) (quoting Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677 (1991)). In Dollar General, the employer contended that the claimant's medical records were dispositive in ascertaining the cause of her injury and did not establish the requisite connection. Id. This Court held that the Commission "was free to credit claimant's testimony at the hearing" and give "little weight" to the medical records in determining causation. Id. at 177. Similarly, here, the Commission was not required to give greater weight to claimant's medical records than to his testimony, which the Commission found credible. "The fact that contrary evidence may appear in the record 'is of no consequence if there is credible evidence to support the commission's finding.'" Id. (quoting Wagner Enters., 12 Va. App. at 894).

Additionally, claimant identified the time, place, and source of his injury to pulling cable on May 12, 2017, and he reported the injury to his supervisor the day after it occurred. Code § 65.2-600(A) provides that "[e]very injured employee or his representative shall immediately on the occurrence of an accident or as soon thereafter as practicable, give or cause to be given to the employer a written notice of the accident." Code § 65.2-600(B) states that "[t]he notice shall state the name and address of the employee, the time and place of the accident, and the nature and cause of the accident and the injury."[2] Written notice is not necessary, however, "if the

---

[2] The Commission's Form VWC1 also requires an injured employee to "[i]mmediately give notice to the employer . . . of the injury . . . and the date of accident . . . ."

employer has actual notice through a foreman or other superior officer." Goodyear Tire & Rubber Co. v. Harris, 35 Va. App. 162, 171 (2001).

At the hearing before the deputy commissioner, employer specifically stated, "We are not asserting a notice defense." In effect, employer conceded that it was aware shortly after the accident occurred that claimant was injured while pulling cable. Because employer did not contest notice of claimant's injury it is disingenuous for employer to argue that claimant's injury was not work-related.

In sum, even though employer attempted to impeach claimant's credibility with conflicting medical records, the Commission found claimant's testimony credible. There are no grounds to overturn that decision on appeal. See Dollar General, 22 Va. App. at 176 ("We will not substitute our judgment for that of the trier of fact, which had an opportunity to observe the witnesses and evaluate their credibility.").

We find that the Commission properly awarded benefits to claimant after determining he experienced a compensable injury arising out of and in the course of his employment and that the requested medical treatment and disability were causally related to the work accident. Accordingly, we affirm the Commission's decision.

Affirmed.