COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Chafin, Russell and Senior Judge Clements
Argued at Salem, Virginia


NANOCHEMONICS HOLDINGS, LLC AND
 CLARENDON NATIONAL INSURANCE COMPANY
                                                            MEMORANDUM OPINION* BY
v.      Record No. 1946-18-3                          JUDGE JEAN HARRISON CLEMENTS
                                                                      JULY 9, 2019
JOHN McKINNEY


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             Travis T. Kline (Matthew J. Griffin; Midkiff, Muncie & Ross, P.C.,
             on brief), for appellants.

             Brenda Moses (The Moses Law Firm, PC, on brief), for appellee.


        John McKinney (claimant) suffered a compensable injury to his left knee on July 26,

2006, and was awarded lifetime medical benefits. On January 15, 2018, he sought to expand the

medical award to cover a compensable consequence injury to his right knee. Nanochemonics

(employer) appeals the decision of the Workers' Compensation Commission awarding medical

benefits to claimant. We affirm the Commission's decision.

                                        BACKGROUND

        On appeal, "[t]his Court must view the evidence in the light most favorable to the

prevailing party before the commission." Samartino v. Fairfax Cty. Fire & Rescue, 64 Va. App.

499, 502-03 (2015). So viewed, the evidence established that claimant's original injury was a

left knee meniscal tear, which was treated by a "scope" of his knee. Claimant had knee

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

replacement surgery on his right knee in 2009. There was no indication that the right knee surgery was related to claimant's earlier left knee injury.

The injury to claimant's left knee changed the way he walked. He limped, supporting his weight with his right leg. His right knee began to hurt again in 2016 or 2017. His primary care physician, Dr. Kaatz, noted on April 27, 2017, that claimant had "severe bilateral osteoarthritis of the knees, gout, [and] morbid obesity now with gait instability." The doctor recommended that claimant use a cane or walker "at all times." On January 15, 2018, Dr. Kaatz responded to a questionnaire from claimant's attorney. The doctor stated that the alteration of claimant's gait had caused additional stress to his right knee, but that it was "unknown" whether claimant's difficulties with his right knee were a consequence of the injury to his left knee.

Dr. Mann, the authorized treating surgeon, performed a total knee replacement on claimant's left knee on January 3, 2017. Dr. Mann indicated in a questionnaire from claimant's attorney completed on January 23, 2018, that claimant's right knee difficulties were a consequence of his left knee injury in 2006 and that claimant would "require right total knee revision surgery due to undo stress from gait alteration due to his left knee injury."

Based on testimony from claimant at the hearing before the deputy commissioner and claimant's medical records, the Commission determined that claimant "proved a direct, probable connection between his established left knee injury and harm to his right knee. Such harm – the mechanical change to a replaced right knee – is 'sequelae that flow[ed] from the primary injury.'" Employer appeals that decision.

ANALYSIS

As the appellant in this case, employer must demonstrate that the Commission's ruling was reversible error. See Burke v. Catawba Hosp., 59 Va. App. 828, 838 (2012). Questions regarding "the causation, nature, and extent of disability" are issues of fact. United Airlines, Inc.

v. Hayes, 58 Va. App. 220, 237 (2011). "Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding upon this Court." VFP, Inc. v. Shepherd, 39 Va. App. 289, 292 (2002) (quoting WLR Foods v. Cardosa, 26 Va. App. 220, 230 (1997)). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894 (1991).

Under the doctrine of compensable consequences, a claimant may recover for an injury that results from an employment accident even if the injury does not develop until some future time. See Berglund Chevrolet, Inc. v. Landrum, 43 Va. 742, 751 (2004). "When the primary injury is shown to have arisen out of and in the course of employment, every natural consequence that flows from the injury likewise arises out of the employment, unless it is the result of an independent intervening cause attributable to claimant's own intentional conduct." Morris v. Badger Powhatan/Figgie, Int'l., Inc., 3 Va. App. 276, 283 (1986) (quoting A. Larson, The Law of Workmen's Compensation §§ 13 and 81.30). As the party alleging a change in condition, claimant had to prove his allegations by a preponderance of the evidence. See Starbucks Coffee Co. v. Shy, 61 Va. App. 229, 243 (2012).

Employer argues that there is no credible evidence to support the Commission's ruling because claimant's primary care doctor did not determine whether the injury to the right knee was a consequence of the left knee injury and there is no evidence that Dr. Mann ever examined claimant's right knee. However, the record contains a medical report from Dr. Mann, dated January 17, 2017, in which the surgeon noted that imaging of both of claimant's legs showed no "wear or loosening" of the left knee components, but the right knee components "were in valgus with likely loose tibial component." The doctor recommended that claimant have his right knee x-rayed at a subsequent visit and evaluated for "revision surgery."

Whether the later injury is a compensable consequence flowing from the primary injury considers whether the medical evidence proves a causal connection between the injuries. See Williams Industries, Inc. v. Wagoner, 24 Va. App. 181, 188 (1997). However, determinations regarding causation need not be based solely on medical evidence and may consider a claimant's testimony. See United Airlines, 58 Va. App. at 237-38. Further, "[m]edical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Dollar General Store v. Cridlin, 22 Va. App. 171, 176 (1996) (quoting Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677 (1991)). "The fact that contrary evidence may appear in the record 'is of no consequence if there is credible evidence to support the commission's finding.'" Id. (quoting Wagner, 12 Va. App. at 894).

The evidence in this record supports the Commission's decision that claimant's right knee injury was a compensable consequence of his earlier left knee injury. Claimant testified that the injury to his left knee caused him to put his weight on his right leg when he walked. His primary care doctor stated that the alteration to claimant's gait had caused additional stress to his right knee. Claimant's orthopedic surgeon, Dr. Mann, stated that claimant's right knee difficulties were a consequence of his left knee injury in 2006 and that claimant would "require right total knee revision surgery due to undo stress from gait alteration due to his left knee injury." No independent medical examination was conducted.

We find that the Commission did not err in awarding benefits to claimant. See Williams Industries, 24 Va. App. at 188 (requiring employer to compensate claimant for treatment of avascular necrosis of hips three years after claimant had back surgery for a compensable injury because claimant presented credible evidence that the original spinal injury had caused the necrosis).

CONCLUSION

Finding no error in the Commission's ruling, we affirm the decision awarding benefits to claimant.

<u>Affirmed.</u>